United States District Court
Southern District of Texas
**ENTERED**
August 07, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Viola Ervette Edwards, § § § *Plaintiff,* § § § Case No. 4:22-cv-00520 v. § § Commissioner of Social Security, § § *Defendant.* § § | |

## MEMORANDUM AND RECOMMENDATION
## TO AWARD ATTORNEYS' FEES

Before the Court is Plaintiff Viola Ervette Edwards's motion requesting attorneys' fees and costs incurred in her successful challenge to an adverse ruling from the Social Security Administration. Dkt. 21. The Commissioner states that it is unopposed to Edwards's request. Dkt. 23. It is recommended that Edwards's motion be granted.

The Equal Access to Justice Act ("EAJA") authorizes a plaintiff to recover reasonable attorneys' fees if she prevails on appeal from a decision by the Social Security Administration. *See* 28 U.S.C. § 2412(d)(1)(A). To recover those fees, a plaintiff must establish that: (1) she is the prevailing party; (2) she timely filed a fee application, (3) the Commissioner's position was not substantially justified; and (4) no special circumstances exist that would make

a fee award unjust. *Reese v. Saul*, 2021 WL 2188686, at *1-2 (S.D. Tex. Apr. 1, 2021) (citing 28 U.S.C. § 2412(d)(1)(A)-(B)).

The course of proceedings shows both that Plaintiff is the prevailing party and that the agency's position was not substantially justified. *See* Dkt. 20 (adopting recommendation to vacate the agency's decision and remand for further proceedings, Dkt. 19); *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993) (reversal and remand to the agency pursuant to 42 U.S.C. § 405(g) confers plaintiff with prevailing party status). The Commissioner also acknowledges that Plaintiff is a prevailing party entitled to recover her attorneys' fees. Dkt. 23 at 1. And the Commissioner does not assert that her position was substantially justified. *See Reese*, 2021 WL 2188686, at *2 (making similar observation to conclude that position was not substantially justified); *see also, e.g.*, *Thomas v. Astrue*, 2009 WL 210484, at *1 (S.D. Tex. Jan. 26, 2009) (awarding attorneys' fees where, *inter alia*, "[t]he Commissioner does not contend that the government's position was substantially justified").

Edwards also timely filed her motion for attorneys' fees within thirty days of when the district court's judgment became final. *See* 28 U.S.C. § 2412(d)(1)(B) (30-day deadline from "final judgment in the action"); *id.* § 2412(d)(2)(G) (defining "final judgment" as "a judgment that is final and not appealable"); Fed. R. App. P. 4(a)(1)(B) (60-day deadline for notice of appeal when a federal agency or officer is a party); Dkt. 20 (district court's order

remanding the case, entered March 23, 2023); Dkt. 21 (motion for fees filed June 19, 2023). No special circumstances make a fee award unjust. A fee award therefore is proper.

Next, the Court determines the amount of the award. The Commissioner does not dispute that the requested amount is reasonable. *See* Dkt. 23. Regardless, the Court must independently evaluate its reasonableness by examining both the hours worked and the rate sought. *See, e.g.*, *Deborah S. v. Comm'r of Soc. Sec'y*, 2022 WL 393834, at *2 (S.D. Tex. Feb. 9, 2022) (citing *Mathews v. Berryhill*, 2020 WL 242487, at *2 (S.D. Tex. Jan. 16, 2020)).

Edwards seeks 34.3 attorney hours and 6.3 paralegal hours, expended on her case. Dkt. 22 at 2. This total falls within the range of hours deemed to be reasonable in Social Security cases. *See, e.g.*, *Deborah S.*, 2022 WL 393834, at *2 (noting that "fee applications range from twenty to forty hours"). The portion of these hours attributable to paralegal work is recoverable if the work performed was "legal rather than clerical." *Vela v. City of Hous.*, 276 F.3d 659, 681 (5th Cir. 2001); *see also Allen v. U.S. Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982) (explaining that paralegal expenses are recoverable as part of a fee award "only to the extent that the paralegal performs work traditionally performed by an attorney"). Having reviewed Edwards's submissions, *see* Dkt. 22-4 (ledger of paralegal work), the Court finds that the hours worked by paralegals qualify as legal work and, thus, are reimbursable.

As for the hourly rate, Edwards requests $228.50 for all attorney hours. Dkt. 22 at 2. Edwards has shown that an increase of the standard EAJA rate of $125.00 is warranted, although not quite as much as she requests.

Upward adjustments in the EAJA rate, which was last amended in 1996, are appropriate to account for increases to the cost of living. 28 U.S.C. § 2412(d)(2)(A) (authorizing courts to exceed $125/hour if "an increase in the cost of living or special factor ... justifies a higher fee"); *Perales v. Casillas*, 950 F.2d 1066, 1074 (5th Cir. 1992) (endorsing cost-of-living adjustments to EAJA hourly rate). Courts routinely use the Consumer Price Index ("CPI") compiled by the U.S. Bureau of Labor Statistics to determine the appropriate adjustment. *See Deborah S.*, 2022 WL 393834, at *2-3 (applying CPI to determine appropriate hourly rate); *Reese*, 2021 WL 2188686, at *2 (same). This inquiry considers the average annual CPI in this region the last time the EAJA rate was changed, compares that rate to the average annual CPI for a given year when legal services were provided, calculates the percentage of the increase, and applies that percentage to determine the CPI-adjusted hourly rate for that particular year. *See Deborah S.*, 2022 WL 393834, at *2-3 & n.7 (explaining the calculation and applying CPI for Houston, where the case was filed, even though counsel was based in New York).

The relevant data comes from the CPI for the Houston-The Woodlands-Sugar Land, Texas area, which Edwards has provided.[1] *See* Dkt. 22-1. The base annual CPI rate in this area as of 1996 was 142.7. For 2022, the annual CPI was 81.26% higher than the base CPI in 1996 (i.e., (258.66-142.70)/142.70), making the adjusted hourly rate $226.58 (*i.e.*, 1.8126 x $125). Because the hourly rate of $228.50 sought by Edwards is higher than that CPI-adjusted rate, the Court will use the CPI-adjusted rate of $226.58 instead for the 34.3 attorney hours expended.[2] The total amount of Edwards' reasonable attorneys' fees equals $7.771.69, slightly less than the $7,837.55 that Edwards requested.

The EAJA also authorizes recovery of paralegal fees at "prevailing market rates." *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 577 (2008) (quoting 5 U.S.C. § 504(b)(1)(A)). Here, Edwards requests compensation for 6.3 paralegal hours at a rate of $100 per hour, for a total of $630. Dkt. 22 at 2; Dkt. 22-4 (Ex. D). This amount is reasonable. *See, e.g.*, *Deborah S.*, 2022 WL 393834, at *3 (approving same amount and collecting supporting authorities).

---

[1] This information is also available at https://data.bls.gov/timeseries/CUURS37BSA0?amp%253bdata_tool=XGtable&output_view=data&include_graphs=true (last visited August 4, 2023).

[2] The difference in Edwards's calculation appears attributable to her use of the CPI for February 1996 (*i.e.*, 141.5), rather than the annual CPI for that year (*i.e.*, 142.7). *See* Dkt. 22-1 (BLS CPI table).

In sum, Edwards should be awarded a total of $8,401.69 in reasonable attorneys' fees, including reasonable paralegal fees, under the EAJA.

## Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff Viola Ervette Edwards's motion for EAJA fees (Dkt. 21) be **GRANTED IN PART**, and that Edwards be **AWARDED** $8,401.69 in reasonable attorneys' and paralegal fees. It is further **RECOMMENDED** that Defendant Commissioner of Social Security be **ORDERED** to pay Edwards $8,401.69, and that payment be sent to Edwards's attorney.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.** *Ortiz v. City of San Antonio Fire Dep't*, **806 F.3d 822, 825 (5th Cir. 2015).**

Signed on August 7, 2023, at Houston, Texas.

Yvonne Y. Ho
United States Magistrate Judge